UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> GRAPHIC VISIONS IN PRINT, LLC 401(k) PLAN, <br><br> Defendant. | Civil Action No. 2:19-cv-11463 |

# COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("the Secretary") alleges:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5), to enforce ERISA's Title I provisions, enjoin acts and practices violative thereof, and obtain appropriate relief as may be appropriate to redress violations.

2. Jurisdiction over this action is conferred upon the Court by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue lies in the Eastern District of Louisiana pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

4. Defendant Graphic Visions in Print, LLC 401(k) Plan ("the Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and is subject to coverage under ERISA § 4(a), 29 U.S.C. § 1003(a).

5. Graphic Visions in Print, LLC ("the Company") established the Plan, effective January 1, 2013, for the sole and exclusive purpose of providing benefits to its participants and beneficiaries. *See* Declaration of Kristen Boorman ¶ 2.

6. Epifanio J. Lara ("Lara") was the owner of the Company. *See id.* ¶ 4.

7. Plan documents include Plan Adoption Agreements, Basic Plan Documents, a Group Trust Adoption Agreement, a Program Agreement, a Services Agreement, and a Plan Assets transfer form. At the time of adoption, Paychex, Inc. was the plan provider. Later plan documents show, the Plan was transferred to SurePayroll Inc., who uses ePlan Services for recordkeeping services and Matrix Trust Company as a fund custodian. The Plan documents identify Lara as the trustee. *See id.* ¶¶ 2-5.

8. The Company is no longer in business and attempts to locate Lara have failed. *See id.* ¶¶ 6, 12-13.

9. No individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets. *See id.* ¶ 7.

10. The Plan assets are held by custodial trustee, Matrix Trust Company, which is the trustee used by SurePayroll Inc. Matrix Trust Company will only disburse assets at the direction of a plan administrator, named fiduciary, or court-appointed successor fiduciary. *See id.* ¶ 9.

11. The Plan has not been formally terminated. *See id.* ¶ 11.

12. To the best of the Secretary's knowledge, information, and belief, as of April 30, 2019, the Plan had a total of $11,205.66 in assets and seven participants. *See id.* ¶ 10.

13. Because of the facts and circumstances set forth in the paragraphs above, the Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and control its assets as required by ERISA § 402(a), 29 U.S.C. § 1102(a), and ERISA § 403(a),

29 U.S.C. § 1103(a), and there is no one other than this Court with the authority to appoint a new trustee.

14. Because of the facts and circumstances set forth above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement or to draw them down upon retirement. Accordingly, the Plan's assets are not being held for the exclusive purpose of providing benefits to participants and beneficiaries in violation of ERISA § 403(c)(1). Additionally, the Plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4), since the basis upon which payments are made from the Plan are not and cannot be specified without a trustee.

15. A representative of EBSA has identified Kimberly Weber Choina ("Ms. Choina"), a plan participant, to serve as an independent fiduciary for the sole purpose of terminating the Plan and distributing the assets to the participants. *See* Declaration of Kristen Boorman ¶ 14. Specifically, Ms. Choina will perform the following services:

   a. Obtain an online account with the custodial trustee;
   b. Provide all participants who still have a balance in the Plan with a 30-day notice regarding stoppage of further contributions and the upcoming Plan termination;
   c. Review and submit an Annual Plan Review to the custodian trustee;
   d. Complete and sign the custodial trustee's Termination of Service Agreement letter;
   e. Update each active employee's status to "terminated";
   f. Provide all participants notice that they may begin requesting distributions;
   g. Approve pending distributions; and
   h. Sign and file Forms 5500.

**WHEREFORE**, pursuant to section ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5), the Secretary prays that the Court:

1. Appoint Kimberly Weber Choina as the successor and independent fiduciary to administer the Plan as outlined above and effectuate the distribution of Plan assets to the eligible participants and beneficiaries and the Plan's termination; and

2. Provide such other relief as may be just and equitable.

> Respectfully Submitted,
>
> KATE O'SCANNLAIN
> Solicitor of Labor
>
> CONNIE M. ACKERMANN
> Acting Regional Solicitor
>
> ROBERT A. GOLDBERG
> ERISA Counsel
>
> By:
>
> /s/ Allyson D. Gault
> ALLYSON D. GAULT
> Texas State Bar No. 24093773
>
> U. S. Department of Labor
> Office of the Solicitor
> 525 Griffin Street, Suite 201
> Dallas, TX  75202
> Ph: (972) 850-3148
> Fax: (972) 850-3101
>
> Attorneys for Plaintiff
>
> RSOL Case No. 0650-18-01019